## In re Bobby Jo S.* (4921)

Dupont, C. J., Borden and Spallone, Js.

Argued December 3, 1986—decision released February 24, 1987

*John T. Nugent,* for the appellant (respondent mother).

*John H. Doermann,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (commissioner of children and youth services).

Spallone, J. The respondent mother is appealing from a judgment of the trial court terminating her

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

parental rights. The respondent claims that the court, *Brenneman, J.*, erred in denying her motion to set aside the adjudicatory phase of the proceedings and to order a new trial on the ground that the court's failure to appoint her an attorney at the adjudicatory proceeding denied her the right to representation by counsel as provided by General Statutes § 46b-136 and Practice Book § 1045.

On March 15, 1985, the petitioner, the comissioner of the department of children and youth services (DCYS), filed a petition pursuant to General Statutes § 17-43a to terminate the parental rights of the mother and putative father of Bobby Jo. At the time the petition was filed, Bobby Jo had been in DCYS foster care for sixteen months. During this time, both parents were residing out of state. An initial hearing was scheduled for the application on April 10, 1985. On March 19, 1985, three weeks before the hearing, however, the respondent called DCYS and stated that her latest address was in Deerfield, Ohio. This information was relayed to the court and on the following day the court sent notice to her by certified mail of the time and place of the April 10 hearing. The green card acknowledgment was returned to the court clerk, indicating that the notice had been received and signed for on behalf of the respondent in Ohio on March 25, 1985. The respondent had telephoned DCYS twice more in the interim and had agreed to appear in Connecticut for a visit with her daughter on March 22, 1985. She failed to appear either for the scheduled visit or for the April 10 hearing without notifying either the DCYS or the court that she would be absent. At the April 10 hearing, the court, *Drutman, J.*, confirmed that service had been made on both parents by publication in newspapers at their last known addresses and continued the hearing until May 14, 1985.

The respondent thereafter failed to appear at the termination hearing on May 14, 1985. She neither called DCYS or the court to explain her failure to appear nor sought a continuance. At the hearing, after receiving evidence offered by the petitioner, the court concluded that the petitioner had proven, by clear and convincing evidence, the statutory grounds necessary to terminate the parental rights of both parents. The court, however, deferred the dispositional phase of the hearing to a later date.

Subsequently, the respondent appeared in Connecticut and the court appointed counsel to represent her. The respondent then moved to set aside the adjudicatory phase of the hearing and the findings of the statutory grounds to terminate her parental rights. The respondent claimed that she had never been served in hand or at her actual abode before the April 10 hearing and further that she had not been represented by counsel at the May 14 hearing. The court denied the motion on the grounds (1) that the respondent had been properly served and had actual notice of the initial hearing, and (2) that the court was not required, under constitutional or statutory law, to appoint counsel for a parent whose whereabouts and financial resources were unknown and who would therefore be unavailable to confer with such counsel.

Although it denied the respondent's motion to set aside the adjudication of grounds to terminate her parental rights, the court continued the dispositional phase of the hearing in order to afford the respondent an opportunity to gather and present evidence to refute DCYS's contention that termination of the respondent's parental rights was in the best interest of her daughter. Pursuant to the respondent's motion, the court ordered a psychological evaluation of the family by the same psychologist who had previously evaluated the family in 1984. This psychologist was available for

cross-examination on November 1, 1985, when the dispositional hearing was held and concluded. The respondent again moved to set aside the adjudication and for a new trial and the court denied the motion.

In its memorandum of decision, the court found by clear and convincing evidence that the parents had abandoned the child; General Statutes § 17-43a (b) (1); and that the respondent had failed to achieve the personal rehabilitation necessary to assume a responsible position in the life of the child. General Statutes § 17-43a (b) (2). The court also found by clear and convincing evidence that termination was in the best interest of the child and accordingly rendered judgment terminating the parental rights of both parents. Only the respondent mother has appealed.

There is ample evidence to support the court's finding of statutory grounds for termination and its finding that termination was in the best interest of the child. None of these findings has been challenged in any claim of error on appeal. Our discussion is therefore limited to the respondent's sole claim of error, that the court erred in not setting aside the adjudication and ordering a new trial because the respondent was not represented by counsel during the adjudicatory hearing.

The respondent claims that her right to representation was mandated by the legislature in General Statutes § 46b-136. This statute provides in pertinent part: "In any proceeding on a juvenile matter the judge before whom such proceeding is pending shall, even in the absence of a request to do so, provide an attorney to represent the child or youth, his parent or parents, guardian or other person having control of the child or youth, if such judge determines that the interests of justice so require . . . . " Further, the respondent cites Practice Book § 1045 which provides in pertinent part: "(1) The parents and the child may be represented

by counsel . . . (2) The court shall appoint counsel for these parties . . . (c) in the case of counsel for the child and the parent, whether a request is made or not, if in the opinion of the court a fair hearing necessitates such an appointment."

We disagree with the interpretation urged upon us by the respondent, namely that the terms "the interests of justice" and "fair hearing" in General Statutes § 46b-136 and Practice Book § 1045 require that in all termination cases counsel must be appointed for a parent whether or not the parent requests such appointment and even when the parent does not attend the hearing after having been given due notice. In so arguing, the respondent ignores the plain words of the statute and Practice Book rule. Section 46b-136 requires the court to appoint counsel in the absence of a request "if such judge determines that the interests of justice so require," while Practice Book § 1045 (2) requires appointment of counsel "if in the opinion of the court a fair hearing necessitates such an appointment." This language clearly subjects the decision of whether counsel should be appointed for the respondents to the sound discretion of the trial court. Such an interpretation is consistent with the United States Supreme Court opinion in *Lassiter* v. *Department of Social Services,* 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640, reh. denied, 453 U.S. 927, 102 S. Ct. 889, 69 L. Ed. 2d 1023 (1981), holding that the due process clause of the fourteenth amendment does not require that counsel always be appointed for indigent parents in proceedings to terminate their parental rights. The court stated: "We . . . leave the decision whether due process calls for the appointment of counsel for indigent parents in termination proceedings to be answered in the first instance by the trial court . . . ." Id., 31–32; see also *State* v. *Anonymous,* 179 Conn. 155, 159, 425 A.2d 939 (1979).

Nor do we find that the trial court abused its discretion in this case. The respondent has not attempted to demonstrate that the court erred in any of its findings or conclusions reached in the adjudicatory procceedings, nor has she argued that the proceedings involved any unusual or difficult questions of procedural or substantive law. Moreover, the court was justified in taking into account the respondent's unexcused and unexplained absence at the adjudicatory hearing. In a somewhat similar situation in *Lassiter* v. *Department of Social Services,* supra, 33, the United States Supreme Court stated, that "a court deciding whether due process requires the appointment of counsel need not ignore a parent's plain demonstration that she is not interested in attending a hearing." In view of all the circumstances of this case, we hold that the trial court did not err in denying the respondent's motion to set aside the adjudication and to order a new trial.

There is no error.

In this opinion the other judges concurred.